Lanzinger, J.,
dissenting.
{¶ 53} I respectfully dissent. The exclusion within the insurance contract plainly states that there will be no coverage for “bodily injury or property damage: * * * e. Arising out of a premises: (1) Owned by an insured * * * that is not an insured location.” By modifying the phrase to read “arising] from the quality or condition of the premises” owned by an insured, the majority rewrites the contract, circumvents the parties’ intent, and creates an illogical result for similar language within the contract.
I. Expressed Intent of the Parties
{¶ 54} Michael and Marilyn Hunter purchased two policies. Westfield Insurance Company insured the Hunters’ residence along with a rental property. Grinnell Mutual Reinsurance Company insured the Hunters’ Indiana farm. Westfield’s policy contained an exclusion from liability coverage for bodily injuries “[a]rising out of a premises * * * [o]wned by an insured * * * that is not an insured location.” Grinnell’s policy contained a similar exclusion. The very existence of the two policies, each obtained by the Hunters to provide coverage for their respective premises, makes clear that the parties intended to exclude coverage for injuries occurring at premises they own that are not insured locations under the respective policies.
{¶ 55} We have held:
*553 {¶ 56} “When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement. We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning.
{¶ 57} “On the other hand, where a contract is ambiguous, a court may consider extrinsic evidence to ascertain the parties’ intent. A court, however, is not permitted to alter a lawful contract by imputing an intent contrary to that expressed by the parties.” (Citations omitted.) Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 11-12.
{¶ 58} I do not agree that the term “arising out of’ is ambiguous. The court of appeals and two other courts have stated that “ ‘ “[a]rising out of ” means generally “flowing from” or “having its origin in” ’ ” and that in order for coverage to be excluded, there need only be some causal link to the property rather than a showing that the premises were the proximate cause of the injury. Westfield Ins. Co. v. Hunter, 2009-Ohio-5642, 2009 WL 3415894, ¶ 12, quoting Nationwide Mut. Fire Ins. Co. v. Turner (1986), 29 Ohio App.3d 73, 77, 29 OBR 83, 503 N.E.2d 212, quoting Ins. Co. of N. Am. v. Royal Indemn. Co. (C.A.6, 1970), 429 F.2d 1014, 1017.
{¶ 59} The majority rejects this causal-connection definition, the lead opinion saying that it means that “any claim for injury that occurs on premises owned by the insured other than the insured homeowner’s primary residence would be denied, and the insured would not have liability coverage.” Lead opinion, ¶ 18. But that is exactly what was bargained for in this homeowner’s policy. Westfield collected premiums for the premises listed on the declarations page, which also included rental property owned by the Hunters. Grinnell collected its premiums to provide coverage for the Hunters’ Indiana farm.
{¶ 60} The only reason the Hunters are being sued is that they own the Indiana farm property and allegedly breached a duty of care owed to the children on the property. The personal liability that is claimed arises out of the premises.
{¶ 61} Insurance involves the transfer of risk from insured to insurer. Here Westfield agreed to assume the risk of liability for injuries occurring at, flowing from, having their origin in, or having a causal connection with the Hunters’ Hamilton, Ohio residence or the neighboring rental property. Westfield was paid to assume those risks. Westfield further specified that it would not provide liability coverage for injuries arising out of other premises that were owned by *554 the insureds but were not an insured location. Grinnell similarly agreed to assume risks of injuries occurring at, flowing from, having their origin in, or having a causal connection with the Hunters’ Indiana farm while excluding injuries arising out of other premises owned by the insureds that are not an insured location, and Grinnell was paid premiums for that coverage. The complementary nature of these policies supports reading the plain language of the policies as providing coverage for injuries arising from the insured location and excluding coverage for injuries arising out of other premises owned by the insured that are not an insured location.
II. Creation of Illogical Results
{¶62} The phrase “arising out of” is used multiple times throughout the Westfield policy. By reading the phrase “arising out of ” to require proof that a dangerous condition on the land was the proximate cause of damage, the majority renders this phrase meaningless where it is used elsewhere in the policy. In fact, this term is used to introduce the following exclusions in Westfield’s policy: business engaged in by the insured; a rental of premises by an insured; rendering of or failure to render professional services; ownership, maintenance, or use of a motorized vehicle, watercraft, or aircraft; transmission of a communicable disease; sexual molestation, corporal punishment, or physical or mental abuse; or the use, sale, or manufacture of a controlled substance. An interpretation of the term “arising out of ” to mean “arising out of a dangerous condition” creates an illogical result for these other exclusions.
{¶ 63} Moreover, the Westfield policy explicitly limits its coverage for medical payments to conditions of the premises. In the policy’s “Medical Payments Coverage,” on the very same page of the policy where the “other owned premises” exclusion appears, the policy provides: “As to others, this coverage applies only: * * * 2. To a person off the insured location, if the bodily injury: a. Arises out of a condition on the insured location or the ways immediately adjoining.” Thus, the very language that the majority wishes to insert in one place within the policy has already been used by the parties elsewhere in the policy. This surely shows an intent to distinguish between “arising out of” premises and “arising out of a condition on” premises. If the exclusion was to be linked to a condition, the drafters added it; it should not be for this court to do so.
III. Conclusion
{¶ 64} I would answer the certified question by holding that in the context of an insurance policy exclusion, an injury arises out of premises if the injury originates in or has a causal connection with the premises. Here, the injury giving rise to the suit occurred at the Indiana farm, premises that the Hunters *555 owned but did not insure with Westfield. The only basis for suit against them is their ownership and control of the farm. Any personal liability therefore arises out of the premises that are owned by the insureds and are not an insured location and are accordingly excluded from coverage under its policy. I would affirm the Twelfth District Court of Appeals and hold that Grinnell alone is obligated to defend and indemnify in this case.
Isaac, Brant, Ledman & Teetor, L.L.P., James H. Ledman, J. Stephen Teetor, Brandi L. Dorgan, and Scyld D. Anderson, for appellee, Westfield Insurance Company.
Robbins, Kelly, Patterson & Tucker, Daniel J. Temming, and Jarrod M. Mohler, for Terrell, Vince, and Tara Whicker.
Rendigs, Fry, Kiely & Dennis, L.L.P., James J. Englert, and Lynne M. Longtin, for appellant.
Lundberg Stratton, J., concurs in the foregoing opinion.